**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 126 HEALTH AND WELFARE TRUST FUND<br>3455 Germantown Pike<br>Collegeville, PA 19426,<br>      and<br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 126 RETIREMENT PLAN TRUST FUND<br>3455 Germantown Pike<br>Collegeville, PA 19426,<br>      and<br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 126 OCCUPATIONAL SAFETY, HEALTH AND EDUCATION TRUST FUND<br>3455 Germantown Pike<br>Collegeville, PA 19426,<br>      and<br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 126 NORTHEAST APPRENTICESHIP AND TRAINING TRUST FUND<br>3455 Germantown Pike<br>Collegeville, PA 19426,<br>      and<br>NECA-IBEW LABOR- MANAGEMENT COOPERATION COMMITTEE<br>2003 Renaissance Blvd.<br>King of Prussia, PA 19406,<br>      and<br>LOCAL UNION NO. 126 COPE FUND<br>3455 Germantown Pike<br>Collegeville, PA 19426,<br>      and<br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 126, AFL-CIO,<br>3455 Germantown Pike<br>Collegeville, PA 19426, | CIVIL ACTION<br>NO. |
|       Plaintiffs, | |

|  |  |
|---|---|
| v. | : |
| SM KARCH, LLC<br>4224 Gradwohl Switch Road<br>Easton, PA 18045,<br><br>　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

This is an action to collect delinquent contributions and remittances revealed to be due by a payroll audit, pursuant to the Employee Retirement Income Security Act, as amended (hereinafter "ERISA"), 29 U.S.C. §1001 *et. seq.*, and the Labor Management Relations Act of 1947, as amended (hereinafter "LMRA"), 29 U.S.C. §185 *et. seq.*

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1), (b) and (c) of ERISA, 29 U.S.C. §§1132 (a)(3)(B), (d)(1) and (f) and §1451(a)(1), (b) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

2. This Court is one of proper venue under ERISA §§4502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d); LMRA §301(c), 29 U.S.C. §185(c); and 28 U.S.C. §1391, as the Plaintiffs' offices are located in the Eastern District of Pennsylvania.

## PARTIES

3. At all times relevant hereto, Plaintiffs International Brotherhood of Electrical Workers Local Union No. 126 Health and Welfare Trust Fund (hereinafter the "Health Fund"),

International Brotherhood of Electrical Workers Local Union No. 126 Retirement Plan Trust Fund (hereinafter the "Retirement Fund"), International Brotherhood of Electrical Workers Local Union 126 Occupational Safety, Health and Education Trust Fund (hereinafter the "OSHE Fund"), and International Brotherhood of Electrical Workers Local Union No. 126 Northeast Apprenticeship and Training Trust Fund (hereinafter the "NEAT Fund") (collectively the "Local Funds") are "multi-employer plans" and "employee benefit plans" within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. §1002(2) and (3), which are respectively maintained for the purpose of providing health, retirement, training, and education concerning occupational safety and related benefits to eligible participants and are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA. The Local Funds qualify to commence this action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1), and maintain their principal places of business at 3455 Germantown Pike, Collegeville, Pennsylvania 19426.

4. At all times relevant hereto, the NECA-IBEW Labor-Management Cooperation Committee (hereinafter "LMCC") is an unincorporated association established pursuant to Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. §175(a) and Section 302(c)(9) of the LMRA, 29 U.S.C. §186(c)(9), for the purposes of establishing better communication and cooperation between labor and management. The LMCC maintains its principal place of business within the Eastern District of Pennsylvania at 2003 Renaissance Boulevard, King of Prussia, PA 19406.

5. At all times relevant hereto, Plaintiff Local Union No. 126 COPE Fund (hereinafter the "COPE Fund") is an unincorporated association established pursuant to 2 U.S.C. ' 431 et. seq. for the purpose of advancing the political interests of the members of the union by lawfully

3

influencing the selection, nomination, election and/or appointment of individuals for political office. The COPE Fund maintains its principal place of business at 3455 Germantown Pike, Collegeville, Pennsylvania 19426.

6. At all times relevant hereto, Plaintiff Local Union No. 126 of The International Brotherhood of Electrical Workers, AFL-CIO (hereinafter the "Union") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of the employees of Defendant SM Karch, LLC who is and/or was employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. "152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12). The Union maintains its principal place of business at 3455 Germantown Pike, Collegeville, Pennsylvania 19426.

7. Defendant, SM Karch, LLC (hereinafter the "Contributing Employer"), is an employer in an industry affecting commerce within the meaning of section 3(5), (11) and (12) of ERISA, 29 U.S.C. §§1102(5), (11) and (12), and an "employer" within the meaning of section 301(a) of the LMRA, 29 U.S.C. §185(a) with a place of business located at 473 Old Airport Road #4, New Castle, Delaware 19720.

**BACKGROUND**

8. The Contributing Employer adopted and agreed to be bound by the Commercial Agreement between the National Electrical Contractors Association, Inc. and the Penn-Del-Jersey Chapter of the National Electrical Contractors Association, Inc. effective between May 29, 2017, and May 31, 2020 (hereinafter the "CBA"). A true and correct copy of the CBA is attached hereto as Exhibit A.

9.  Pursuant to the terms of the CBA, the Contributing Employer was obligated to make full and timely payments to the Plaintiffs on a monthly basis on behalf of its employees based upon the number of hours worked and/or the gross wages paid to such employees. Exhibit A, at Article III, Section 3:10, Article XI, Section 11.10, and Articles XII through XIV (pp. 5, 26-35).

10. By agreeing to the CBA, the Contributing Employer adopted and agreed to be bound by the Trust Agreements that govern the Local Funds and the NEBF (collectively the "Funds"). Exhibit A, at Article XII, Section 12:1, Article XIV, Section 14:2, Article XIV, Section 14:3 (pp. 26, 28-29).

**CAUSE OF ACTION**

11. The above paragraphs are incorporated herein by reference as though duly set forth at length.

12. Pursuant to its Policy for Collection of Delinquent Contributions, Payroll Audits, Refund of Mistaken Contributions, and Bonding ("Delinquency Policy") the Local Funds, NEBF, and Union conducted a payroll audit to verify that the correct amounts were reported and paid to the Plaintiffs for the period between January 1, 2016 through December 31, 2020.[1] A true and correct copy of the Delinquency Policy is attached hereto as Exhibit B.

13. In February 2021, the auditor issued a report documenting that the Contributing Employer underpaid the Plaintiffs by a total of $108,079.09. A true and correct copy of the audit

---

[1] Some of the Plaintiffs previously filed a lawsuit against the Defendant to compel cooperation with the audit. That lawsuit was resolved when the Contributing Employer provided Plaintiffs' auditor with the books and records needed to complete the audit. See Case No. 19-CV-4529.

report is attached hereto as Exhibit C.

14. On February 24, 2021, the auditor sent a copy of the audit report to the Contributing Employer and asked that it review the report in detail and advise the auditor of "any adjustments or challenges to our findings." The letter further stated that "If we have not heard from you within ten business days from the date of this letter, we will submit our report to the Fund Administrator." A true and correct copy of the February 24, 2021 letter is attached hereto as Exhibit D.

15. The Contributing Employer did not respond to the auditor's February 24, 2021 letter.

16. On March 19, 2021, Plaintiffs, through their counsel, sent a letter to the Contributing Employer's attorney demanding payment of the amounts found to be due by the audit, plus interest. A true and correct copy of the March 19, 2021 letter is attached hereto as Exhibit E.

17. Neither the Contributing Employer or its attorney responded to the March 19, 2021 letter.

18. In addition to the principal amounts revealed by the audit, Plaintiffs are entitled to interest, liquidated damages, and attorneys' fees and costs pursuant to the Delinquency Policy and 29 U.S.C. §1132(g)(2)(B)-(D).

WHEREFORE, Plaintiffs ask that the Court enter Judgment in favor of Plaintiffs and against Defendant Contributing Employer for:

(1) $108,079.09 for unpaid contributions and remittances for the period from January 1, 2016, through December 31, 2020, pursuant to the CBA, the Delinquency Policy, and 29 U.S.C. §1132(g)(2)(A);

(2) Interest on the above amount pursuant to the CBA, the Delinquency Policy, and 29 U.S.C. §1132(g)(2)(B);

(3) Liquidated damages equal to the greater of: (a) twenty percent (20%) of the principal delinquency, or (b) the amount of accrued interest, pursuant to the CBA, the Delinquency Policy, and 29 U.S.C. §1132(g)(2)(C);

(4) Reasonable attorneys' fees and costs pursuant to the CBA. The Delinquency Policy, and 29 U.S.C. §1132(g)(2)(D); and

(5) Grant any other further relief the court finds just and proper.

                                      CLEARY, JOSEM & TRIGIANI, LLP

                                      BY _____
                                      WILLIAM T. JOSEM, ESQUIRE
                                      JEREMY E. MEYER, ESQUIRE
                                      Constitution Place
                                      325 Chestnut Street
                                      Philadelphia, PA 19106
                                      (215) 735-9099

Dated: May 14, 2021