**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION
NO. 126 HEALTH AND WELFARE
TRUST FUND et al.,

            *Plaintiffs,*

   v.

SM KARCH, LLC,

            *Defendant.*

_____

SHAWN KARCH,

            *Intervenor.*

CIVIL ACTION
NO. 21-2200

**Pappert, J.**                                    **December 14, 2023**

### MEMORANDUM

International Brotherhood of Electrical Workers Local Union No. 126 and its affiliated entities (collectively "IBEW") sued SM Karch, LLC under the Employee Retirement Income Security Act for not contributing to IBEW employee-benefit plans to the extent required by the parties' collective bargaining agreement. A consent judgment was subsequently entered against the Defendant. In aid of post-judgment execution, IBEW sought discovery into other businesses operated by Shawn Karch, SM

1

Karch's sole owner.  Mr. Karch objected to these requests and IBEW filed a motion to compel discovery, which the Court granted.  Mr. Karch intervened and SM Karch moved for reconsideration or stay of the proceedings.  The Court denies the motion.

I

IBEW sued SM Karch, alleging violations of ERISA and the Labor Management Relations Act over SM Karch's failure to sufficiently fund IBEW employee-benefit plans dating back to 2016.  (ECF 1).  In January 2023, a consent judgment in the amount of $247,012.72 was entered against SM Karch.  (ECF 14).  To enforce and collect on that judgment, IBEW propounded interrogatories seeking to discover, *inter alia*, whether Mr. Karch has "any ownership interest in any other corporation, business entity, or commercial enterprise of any kind (including sole proprietorships or partnerships)." (Ex. A, ECF 15–2).  IBEW sought to depose Mr. Karch and requested production of documents showing individuals employed by SM Karch from 2016 to the present, documents identifying individuals employed by any other enterprise owned or operated by the company from January 2016 to the present, and any jobs performed by other enterprises owned or operated by SM Karch from 2016 to the present.  (*Id.*).

SM Karch objected and refused to provide the requested information.  *See* (Exhibit B, ECF 15–3).  IBEW moved to compel the responses and SM Karch contended it was not obligated to respond to discovery requests involving other enterprises because they are "irrelevant, unlikely to lead to discoverable information," seek "personal, confidential, and proprietary information of a non-party and from third parties," and date back to 2016 which is prior to the entry of judgment.  (Exhibit B; Resp. in Opp. to Mot. to Comp, p. 4–5, ECF 17–1).  SM Karch's counsel also told IBEW

2

that if Shawn Karch is asked at his deposition about any of his other businesses, he will not answer those questions.  *See* (Meyer Affidavit at ¶18, ECF 15).

## II

### A

A court may grant a motion for reconsideration if the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice."  *In re Processed Egg Prods. Antitrust Litig.*, 962 F.3d 719, 729 (3d Cir. 2020) (citation omitted); *see also Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  SM Karch proceeds under the third prong.  (Mot. for Reconsideration, p. 4, ECF 26–1).

### B

Federal Rule of Civil Procedure 69(a)(2) provides: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in [the federal rules] or by the procedure of the state where the court is located."  Proceedings supplementary to and in aid of judgment or execution must comply with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.  Fed. R. Civ. P. 69(a)(1).  Under the federal rules,[1] "[p]arties may obtain discovery regarding any nonprivileged matter that

---

[1]     The Court will analyze IBEW's motion in accordance with the Federal Rules of Civil Procedure since IBEW seeks to compel discovery through federal procedures, not Pennsylvania procedures.  "Once the judgment creditor makes a clear election to use either the federal or the state discovery methods, only that body of law (federal or state) and not the other, will apply." 13 James Wm. Moore et al., Moore's Federal Practice § 69.04 (3d ed. 2019); *See also FDIC v. LeGrand*, 43 F.3d 163, 171 (5th Cir. 1995) (holding when judgment creditor clearly indicated intent to proceed under procedure afforded by Federal Rules, state law was inapplicable).

is relevant to any party's claim or defenses and proportional to the needs of the case."
Fed. R. Civ. P. 26(b)(1).

The purpose of discovery under Rule 69(a)(2) is "to allow judgment creditors to
identify assets from which the judgment may be satisfied." 13 James Wm. Moore et al.,
Moore's Federal Practice § 69.04 (3d ed. 2019). Consequently, "[t]he rules governing
discovery in post-judgment execution proceedings are quite permissive." *Rep. of Arg. v.
NML Cap., Ltd.*, 134 S. Ct. 2250, 2254 (2014). A judgment creditor has the "freedom to
make a broad inquiry to discover hidden or concealed assets of the judgment debtor,"
*ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014)
(internal citation omitted), and "may use the full panoply of federal discovery
measures" in aid of judgment or execution, *Haying Xi v. Shengchun Lu*, 804 Fed.Appx.
170, 173 (3d. Cir. 2020) (internal citation omitted). A court should deny a post-
judgment discovery request where it "could not possibly lead to executable assets [and
therefore] is simply not 'relevant' to execution in the first place." *Ohntrup v. Makina Ve
Kimya Endustrisi Kurumu*, 760 F.3d 290, 296-297 (3d Cir. 2014) (quoting *NML Cap.,
Ltd.*, 134 S.Ct at 2257).

## C

In ERISA cases, a defendant's liability can extend to another entity if it is
deemed to be a defendant's legal successor, *see Einhorn v. M.L. Ruberton Cons. Co.*, 632
F.3d 89 (3d Cir. 2011), or alter ego, *see Brown v. Astro Holdings, Inc.*, 385 F.Supp.2d
519 (E.D. Pa. 2005). Under ERISA, "there is 'a federal interest supporting disregard of
the corporate form to impose liability.'" *Bd. of Trustees of Teamsters Loc. 863 Pension
Fund v. Foodtown, Inc.*, 296 F.3d 164, 169 (3d Cir. 2002) (quoting *Lumpkin v.

*Envirodyne Indus., Inc.,* 933 F.2d 449, 460–61 (7th Cir.1991) ("[T]he congressional intent of ERISA is to hold employers responsible for pension benefits, so that when the corporate form poses a bar to liability, 'concerns for corporate separateness are secondary to what we view as the mandate of ERISA.'") (internal citations omitted)).

Given the robust post-judgment discovery permitted under the Federal Rules of Civil Procedure, and the expansive approach toward finding alter ego or successor liability in cases alleging ERISA violations, IBEW's discovery requests about Mr. Karch's other businesses are relevant to satisfying and executing the judgment against SM Karch.

## D

SM Karch relies heavily on one district court case, *Randall Manufacturing, LLC v. Pier Components, LLC*, No. 3:14-346, 2017 WL 1519498 (M.D. Pa. Apr. 27, 2017), for its argument that the motion to compel discovery should be denied. In *Randall,* the plaintiff attempted to pierce the corporate veil under Pennsylvania law, which has a "strong presumption" against doing so. *Id.* at *3 (citing *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995)). The court rejected plaintiff's proposed requests for discovery because the purported alter ego was entitled to "a 'full dress equity' proceeding, not simply a determination, on motion pursuant to [Pennsylvania Civil Procedure] Rule 3118." *Id.* (quoting *Greater Valley Terminal Corp. v. Goodman*, 202 A.2d 89, 93 (Pa.1964)).

*Randall* does not help SM Karch for three reasons. First, IBEW seeks to compel discovery in aid of a judgment for violating ERISA, not state law. Second, IBEW seeks discovery under the Federal, not Pennsylvania, Rules of Civil Procedure. Third, insofar

5

as proceedings supplementary to and in aid of judgment or execution must accord with state procedure, a federal statute still governs to the extent it applies, as do the Federal Rules here.  *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 506 (D.C. Cir. 2016) ("The Federal Rules are 'as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the . . . mandate [of a Federal Rule] than they do to disregard constitutional or statutory provisions.'" (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988)).

III

SM Karch also asks the Court to stay enforcement of the judgment under Federal Rules of Civil Procedure 62(b)(3) and (4).  But these subsections of Rule 62 no longer exist, having been eliminated through a 2018 amendment.

The current version of Rule 62(b) provides that a party "may obtain a stay by providing a bond or other security."  The bond "must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay."  *Cashman Equip. Corp. v. U.S. Fire Ins. Co.*, 2008 WL 5000355, \*4 (E.D. Pa. Nov. 21, 2008) (*citing Pharmacia Corp. v. Motor Carrier Servs. Corp.*, 2008 WL 852255, \*4 (D.N.J. Mar. 28, 2008)).  And under Rule 62(b), "[t]he stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."  SM Karch has not complied with Rule 62(b).

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

GERALD J. PAPPERT, J.